UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                           :
  YVONNE LEE-JORDAN,                                       :
                                      Plaintiff,           :
                                                           :        18 Civ. 6755 (LGS)
           -against-                                       :
                                                           :        **OPINION AND ORDER**
  ALLSTATE INDEMNITY COMPANY,                              :
                                                           :
                                      Defendants.          :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/12/2019

LORNA G. SCHOFIELD, District Judge:

Plaintiff Yvonne Lee-Jordan brings this action for breach of contract in connection with a homeowner's insurance policy issued by Defendant (the "Policy"). Plaintiff moves for partial summary judgment. The sole issue is whether, at the time of the loss, the subject premises was "unoccupied," for purposes of the Policy. For the reasons below, the motion is denied.

I.    **BACKGROUND**

The facts below are drawn from Plaintiff's Rule 56.1 Statement and other submissions on this motion. All facts are construed in Defendant's favor as the non-moving party. *See Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 71–72 (2d Cir. 2016).

At some time prior to October 31, 2017, Defendant issued the Policy, which insured Plaintiff against risks of loss at Plaintiff's property located at a residential address in Marlboro, New York (the "Premises"). The Policy was in effect from October 31, 2017, through October 31, 2018. The Policy contains an exclusion clause (the "Exclusion Clause") which provides, in relevant part:

> We do not cover loss to the property . . . consisting of or caused by: []
>
> 16. Freezing of plumbing, fire protective sprinkler systems, heating or air conditioning systems or household appliances, or discharge, leakage or overflow from within the systems or appliances caused by freezing, while the building

1

structure is vacant, unoccupied or being constructed unless you have used reasonable care to:

a) maintain heat in the building structure; or

b) shut off the water supply and drain the system and appliances.

The Policy does not define the term "unoccupied."

On March 5, 2018, Plaintiff submitted a claim under the Policy after discovering water damage at the Premises, caused by a burst pipe. In a letter dated March 28, 2018, Defendant denied the claim, stating that the Premises "has not been occupied by the named insured for an unspecified amount of time," and that, *inter alia*, the Policy does not provide coverage for losses caused by "freezing of plumbing" while the property is "unoccupied," unless the insured has used reasonable care to maintain heat or shut off the water supply.

## II.     STANDARD

Summary judgment is appropriate where the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a genuine dispute as to a material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Liberty Lobby*, 477 U.S. at 248; *accord Saleem v. Corp. Transp. Grp., Ltd.*, 854 F.3d 131, 148 (2d Cir. 2017).

The court must construe the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in favor of the nonmoving party. *Liberty Lobby*, 477 U.S. at 255; *accord Soto v. Gaudett*, 862 F.3d 148, 157 (2d Cir. 2017). When the movant has properly supported its motion with evidentiary materials, the opposing party may establish a

genuine issue of fact only by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (alteration in original); *accord Rodriguez v. City of New York*, 291 F. Supp. 3d 396, 408 (S.D.N.Y. 2018).

## III.   DISCUSSION

The sole issue on this motion is whether the Premises was "unoccupied" for purposes of the Exclusion Clause.[1]  Plaintiff's motion is denied because, based on the evidence, a reasonable jury could find that the Premises was unoccupied.

The threshold issue is the definition of "unoccupied" under New York insurance law.[2] "An insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract." *Beazley Ins. Co., Inc. v. ACE Am. Ins. Co.*, 880 F.3d 64, 69 (2d Cir. 2018).  "[P]lain or unambiguous language will be given its ordinary meaning and effect." *1070 Park Ave. Corp. v. Fireman's Fund Ins. Co.*, 313 F. Supp. 3d 528, 535 (S.D.N.Y. 2018). The parties agree that under New York insurance law, the term "unoccupied" is unambiguous, and that occupancy requires "the regular presence of inhabitants," and not simply the storing of personal items and belongings.  *See McCabe v. Allstate Ins. Co.*, 688 N.Y.S.2d 764, 766 (3d Dep't 1999); *accord Covic v. Allstate Indem. Co.*, No. 16 Civ. 50, 2017 WL 5054743, at *5

_____

[1] Defendants concede that the Premises was not "vacant," for purposes of the Exclusion Clause.
[2] New York law applies because the Policy contains a New York choice-of-law provision. Federal courts sitting in diversity generally apply the choice-of-law rules of the forum state, *see Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *accord Christian v. TransPerfect Glob., Inc.*, No. 17 Civ. 5554, 2018 WL 4571674, at *4 (S.D.N.Y. Sept. 24, 2018), and "New York law gives full effect to the parties' choice-of-law provisions." *Dins v. Nationstar Mortg., LLC*, No. 16 Civ. 2943, 2017 WL 570941, at *3 (S.D.N.Y. Feb. 13, 2017) (quoting *Krock v. Lipsay*, 97 F.3d 640, 645 (2d Cir. 1996)).

(N.D.N.Y. Sept. 25, 2017); *Eddie v. Scottsdale Ins. Co.*, No. 07 Civ. 3457, 2009 WL 1321648, at *5 (S.D.N.Y. May 8, 2009).

Plaintiff contends that the Premises was occupied because "the entire family was actually residing in the premises up until the time of the loss." Plaintiff testified that the Premises was in "perfect" condition when she left it two weeks prior to reporting the loss on March 5, 2018. In an affidavit, Plaintiff's daughter avers that when she left the Premises "on February 26th or 27th . . . [t]here was no water damage [or] visible signs of mold." These statements are contradicted by an expert report prepared by Robert North, a New York State licensed mold assessor retained by Defendant. Based on the pattern, type and extent of mold growing at the Premises, North concluded "that the water intrusion began *no later* than 6-8 weeks before the inspection (i.e., sometime in mid-January) and may have begun several weeks earlier."

Plaintiff asserts that North's report is not admissible evidence. This argument is unavailing. "Hearsay evidence is admissible at the summary judgment stage if the contents would [or could] otherwise be admissible at trial." *GE Funding Capital Mkt. Servs., Inc. v Neb. Inv. Fin. Auth.,* No. 15 Civ. 1069, 2017 WL 2880555, at *3 (S.D.N.Y. July 6, 2017), *aff'd*, 767 F. App'x 110 (2d Cir. 2019). Defendant represents that North is available to testify at trial regarding his assessment of the Premises.

Plaintiff asserts that North's assessment cannot not be credited because it contradicts "the unrefuted testimony" of Plaintiff, her daughter, and her daughter's ex-husband. "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005); *accord Campbell v. Hanson*, No. 17 Civ. 1024, 2019 WL 2717691, at *3 (S.D.N.Y. June

28, 2019).  In light of North's assessment, a reasonable jury could find that the Premises was unoccupied at the time of the loss.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment is DENIED, and Plaintiff's request for oral argument is DENIED as moot.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 59 and 60.


Dated: July 12, 2019
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE